UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03 CR 57 RWS |
| | ) | |
| GEORGE HOLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's self-styled Motion entitled "Motion Pursuant to Rule 52(B) of The Federal Rules Criminal Procedure, Plain Error." Defendant is asking the Court to vacate the judgment and sentence imposed on August 29, 2003. For the reasons discussed below, I will deny Defendant's Motion.

The relief that Defendant is seeking cannot be pursued (or granted) under Federal Rule of Criminal Procedure 52(b). Rule 52(b) does not provide a procedural mechanism for challenging a federal criminal conviction or sentence; the Rule merely establishes a standard of review for claims that are raised by a procedurally proper means—normally a direct appeal. The Supreme Court has expressly held that Rule 52(b) "was intended for use on direct appeal," and thus the "plain error" standard of review established by the Rule "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review...." United States v. Frady, 456 U.S. 152, 164 (1982). Simply put, Defendant cannot seek post-conviction relief under Rule 52(b).

I find that it would serve no useful purpose to construe Defendant's current Motion to be a § 2255 motion. The Court's records show that Defendant has already filed, and the Court has already denied, a previous § 2255 motion. See Hollins v. United States, No. 4:04-CV-1205-RWS (E.D. Mo). Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the Defendant did not obtain permission from the Eighth Circuit Court of Appeals to maintain a § 2255 motion in this Court, the Court lacks authority to grant Defendant the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's "Motion Pursuant to Rule 52(B) of The Federal Rules Criminal Procedure, Plain Error" [#48] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2014.